McMILLAN, Judge.
The appellant, James Willis Bonds, appeals the trial court’s order summarily dismissing his Rule 32, Ala. R.Crim. P., petition for postconviction relief.
Bonds’s conviction was based on the offense of murder made capital because it was committed during the course of a robbery, a violation of § 13A-5-40(a)(2), Ala. Code 1975. He was sentenced to life imprisonment without parole. His conviction and sentence were affirmed on direct appeal by an unpublished memorandum on June 17, 2005.
The record indicates the trial court summarily dismissed Bonds’s Rule 32 petition pursuant to Rule 32.2(a)(3), (4), and (5), Ala. R.Crim. P., on grounds that it failed to state a claim for relief and, alternatively, that the petition was barred by the applicable one-year limitations period. Rule 32.2(c), Ala. R.Crim. P.
Because this cause must be remanded to the trial court to give Bonds an opportunity to obtain his appellate record so that he can amend his Rule 32 petition if he so chooses, we will not review the trial court’s finding that the Rule 32 petition failed to state a claim for relief. We disagree with the trial court’s finding, however, that the petition was barred by the limitations period; the petition was filed on February 16, 2007, one day before the one-year limitations period expired, the final certificate of judgment having been issued by this Court on February 17, 2006.
The record reveals that contemporaneously with the filing of the Rule 32 petition, Bonds’s counsel filed a motion to supplement the petition, stating that she *1208 had filed a “bare-bones” petition, in order to toll the limitations period. Counsel further stated in the motion that Bonds and his family had tried unsuccessfully for several years to obtain the record and trial transcript from Bonds’s former counsel. She stated that she was working with the Alabama State Bar to obtain the record and transcript, which, she said, were needed to sufficiently plead any claims. On March 5, 2007, Bonds’s counsel filed a motion to withdraw, citing irreparable conflicts. The motion was granted by the trial court. Bonds filed, pro se, over the next nine-month period, three motions to supplement the record, alleging that he needed a copy of his record and trial transcript to raise any ineffective-assistance-of-counsel claims in his Rule 32 petition. All the motions were granted by the trial court. On April 6, 2007, the trial court ordered Bonds’s former appellate counsel to provide Bonds with a copy of his trial transcript. Counsel, however, failed to do so, and the trial court took no further action to ensure compliance with its order.
It appears from the record that Bonds, after exercising due diligence, was unable to obtain his trial transcript from his former appellate counsel. Because the record, in addition to any briefs that were filed, is the property of Bonds, we are compelled, in the interest of fundamental fairness, to reverse the trial court’s order in this case.
Therefore, the order summarily denying Bonds’s Rule 32 petition in this cause is reversed and this cause is remanded.
REVERSED AND REMANDED.
BASCHAB, P.J., and SHAW and WELCH, JJ., concur. WISE, J., concurs in the result.